CHARLES WARNER COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENTS AND BOROUGH OF PAULSBORO, DEFENDANTS.

Submitted November term, 1922—Decided February 20, 1923.

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Wilfred B. Wolcott.*

For the defendant, *W. Earle Miller.*

PER CURIAM.

The writ of *certiorari* in this case brings up for review the assessment for taxation of the property of the prosecutor for the year 1921 made by the borough of Paulsboro, in the county of Gloucester.

The property of the prosecutor comprises a farm of seventy acres, consisting of forty-four acres of upland, twenty acres of meadow and six acres of water basin. It was assessed by the local assessor at the sum of $14,000 for the land and $4,-000 for the buildings. On appeal to the Gloucester county board of taxation the assessment upon the land was affirmed, the assessment on the buildings was reduced to $2,000. An. appeal was then taken to the state board of taxes and assessments which affirmed the assessments made by the Gloucester county board.

This property was purchased by the prosecutor in August, 1918. The amount paid was approximately $27,000. It was bought upon the belief that it contained valuable sand. deposits, which could be used for building purposes. At the time of the purchase the war was in progress and the prosecutor had contracts for which it required sand. It believed that a dredge could be operated from the water which strip the land of sand to a depth of about thirty feet. After trial it was found that the sand which the prosecutor desired was not of sufficient depth to justify the cost of operation. The property is valueless for the purpose for which it was purchased. For the past year the prosecutor has had the property on the market and has expressed its willingness to sell at $8,000. It has never received an offer beyond $5,000. The question presented is, whether under the circumstances related the assessment fixed by the state board is based upon an erroneous theory as to the uses for which the property is available and consequently too high. The true criterion for assessment is market value. The price paid for property is sometimes indicative of market value and at other times it is an unsafe guide. The testimony taken in behalf of the prosecutor shows that the market value of the land at the time of the assessment was $8,000.

The Tax act (Revision of 1918, section 512) gives this court the right to fix assessments where the state board has, in its opinion, erred. Evidence taken under the writ of *certiorari* will be considered. *Trenton and Mercer County Traction Corporation* v. *State Board of Taxes and Assessment et al.*, 92 *N. J. L.* 398. In this case it seems to us that evidence shows that the assessment fixed by the state board is excessive. In our opinion it should be reduced to $8,000 for the land and $500 for the improvements thereon. The record will be remitted for the making of corrections in pursuance of this opinion.